CHRISTOPHER BURKE, ESQ.
702 Plumas St.
Reno, Nevada 89509
Nevada Bar Number 4093
(775) 333-9277
attycburke@charter.net

MICHAEL LEHNERS, ESQ.
429 Marsh Ave.
Reno, Nevada 89509
Nevada Bar Number 003331
(775) 786-1695
email michaellehners@yahoo.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

oOo

| | |
|---|---|
| MERCEDES URBINA, on behalf of herself individually and all others similarly situated<br><br>Plaintiff<br><br>vs.<br><br>NATIONAL BUSINESS FACTORS, INC.,<br><br>Defendant | Case No. 3:17-cv-00385-WGC<br><br>PLAINTIFF'S FIRST AMENDED COMPLAINT<br><br>**(Proposed)** |

Plaintiff, Mercedes Urbina, files this First Amended Complaint for damages and incidental relief against Defendant, National Business Factors, Inc., ("NBF") and alleges the following:

## INTRODUCTION

1. On or about December 17, 2013 Ms. Urbina signed a contract for medical services with Tahoe Fracture Clinic. The contract provided in relevant part that "*I understand that I am financially responsible for all charges whether or not paid by said insurance. I hereby authorize said assignee to release all information necessary to secure payment.*"

2. On or about August 24, 2015 Ms. Urbina signed a second contract for medical services with Tahoe Fracture Clinic. It contained the same language as the December 17, 2013 contract.

3. Neither contract provided for the payment of a definite sum of money.

4. The value of performance to be rendered under the contract was not stated nor was it ascertainable by mathematical calculation from a standard fixed in the contract or from established market prices.

5. On or about September 23, 2016 Tahoe Fracture Clinic sent Ms. Urbina an Explanation of Benefits ("EOB").

6. Tahoe Fracture Clinic's EOB, is a book account, in that it is a detailed statement which constitutes the principal record of one or more transactions between a debtor and a creditor arising out of a contract. It shows the debits and credits in connection with that contract and in favor of whom entries are made. It is also entered in the regular course of business as conducted by such creditor, and it is kept in a reasonably permanent form and manner. It is also kept by Tahoe Fracture Clinic in a reasonably permanent form and manner

7. As of September 23, 2016 Ms. Urbina was 120 days past due on her book account with Tahoe Fracture Clinic in the amount of $571.00.

8. As of September 23, 2016 Ms. Urbina was 60 days past due on her book account with Tahoe Fracture Clinic in the amount of $42.99.

9. Ms. Urbina made four $30.00 payments to Tahoe Fracture Clinic. The first was made on February 26, 2016. The second was paid on March 13, 2016. The third payment was made on April 29, 2016, and the fourth and final payment was made on August 12, 2016[1].

10. During the course of Ms. Urbina's treatment, she was never charged any interest on her contract by Tahoe Fracture Clinic.

11. On January 5, 2017 NBF sent Ms. Urbina a collection letter that demanded the principal of $614.52 plus $29.07 of interest for a total of $643.59.

12. NBF has admitted that after assignment of the account by Tahoe Fracture Clinic, it calculated interest on the balance due from the date it alleges is Ms. Urbina's last

---

[1] A record of these payments may be found at Bates 034 which is one of the sealed exhibits attached to Plaintiff's motion to file under seal (ECF 33).

payment on February 26, 2016. Then, NBF calculated the interest through January 5, 2017, the date of the initial communication from NBF to Ms. Urbina, at the statutory legal rate of 5.5% in 2016 and 5.75% in 2017, which totaled $29.07 as accrued interest.

13. NBF was not entitled to assess any pre-judgment interest under NRS 99.040 for the following reasons:

   A. Tahoe Fracture Clinic's EOB reflects the fact that the contract for services is a book account as that term is defined by NRS 99.040(3). Thus, NRS 99.040 does *not* allow the assessment of pre-judgment interest on book accounts unless the book account has been settled.

   B. The performance called for in the contract does not state a value that is stated in money or is ascertainable by mathematical calculation from a standard fixed in the contract or from established market prices of the subject matter.

   C. *Only* the Trial Court may determine the time upon which performance became due. And that can only be done at the trial upon the cause of action. NBF may not unilaterally determine when performance is due and demand interest from that date.

14. Even if NBF was allowed to assess interest under NRS 99.040, NBF calculated interest on the wrong amount since Tahoe Fracture Clinic was not owed $614.52 as of February 26, 2016.

15. Even if NBF was allowed to assess interest under NRS 99.040, NBF calculated interest on the wrong start date since Ms. Urbina's last payment was made on August 12, 2016, not February 26, 2016 as stated by NBF in its second affirmative defense.

16. NBF's error with respect to the wrong principal balance and the incorrect commencement date caused it to demand a greater amount of interest from the Plaintiff than could have been owed, even if NRS 99.040 were applicable, which it is not.

## CAUSES OF ACTION
### First Claim for Relief

3

## False Representations of Amount of Debt - §1692e(2)
## NRS 99.040

17. The Plaintiff alleges, realleges and incorporates by reference each and every allegation contained in the preceding paragraphs.

18. Ms. Urbina's two contracts for medical services only provided that she was financially responsible for all charges whether or not paid by said insurance.

19. The performance called for in each contract does not list a value that is stated in money or a value that is ascertainable by mathematical calculation from a standard fixed in the contract or from established market prices of the subject matter.

20. On September 23, 2016 Tahoe Fracture Clinic sent Ms. Urbina an EOB. The EOB is a book account as that term is defined under NRS 99.040(3).

21. On January 5, 2017 NBF sent Ms. Urbina a collection letter that demanded a principal of $614.52 plus $29.07 of interest for a total of $643.59.

22. NBF has admitted that it had calculated interest from February 26, 2016, through January 5, 2017 at prime plus two percent in accordance with NRS 99.040.

23. NRS 99.040 does not authorize the assessment of pre-judgment interest on a book account.

24. NRS 99.040 does not authorize the assessment of pre-judgment interest where the contract does not provide for the payment of a definite sum of money, or the value of performance to be rendered under the contract is not stated nor ascertainable by mathematical calculation from a standard fixed in the contract or from established market prices.

25. Under NRS 99.040 NBF is not allowed to select the date performance is due. That function is reserved for the trial court at the trial on the cause of action.

26. NBF represented in its January 5, 2017 letter that it was entitled to interest that was not authorized by statute.

27. NBF has violated 15 U.S.C. §1692(e)(2)(A) by making a false representation of the character, amount, and legal status of this debt.

28. The remedy for these actions is the greater of actual damages or statutory damages in the amount of $1,000.00, per offense, subject to the limitations imposed by 15 U.S.C. §1692k(a).

### Second Claim for Relief
### Threatening to Take Prohibited Action - §1692e(5)
### NRS 99.040

29. The Plaintiff alleges, realleges and incorporates by reference each and every allegation contained in the preceding paragraphs.

30. Based upon the nature of the contract between Ms. Urbina and Tahoe Fracture Clinic, NBF was not entitled to assess pre-judgment interest under NRS 99.040.

31. NBF sent a collection letter to Ms. Urbina dated January 5, 2017 that said it was entitled to collect pre-judgment interest on the principal owed to Tahoe Fracture Clinic, when in fact the Defendant was prohibited under state law from assessing pre-judgment interest.

32. NBF has violated 15 U.S.C. §1692e(5) by threatening to take any action that cannot legally be taken.

33. The remedy for these actions is the greater of actual damages or statutory damages in the amount of $1,000.00, per offense, subject to the limitations imposed by 15 U.S.C. §1692k(a).

### Third Claim for Relief
### Deceptive means to collect - §1692e(10)
### NRS 99.040

34. The Plaintiff alleges, realleges and incorporates by reference each and every allegation contained in the preceding paragraphs.

35. NBF sent a collection letter to Ms. Urbina dated January 5, 2017 that said it was entitled to collect pre-judgment interest on the principal owed to Tahoe Fracture Clinic, when in fact the Defendant was prohibited under state law from assessing pre-judgment interest.

36. NBF has violated 15 U.S.C. §1692e(10) by the use of false representations to collect or attempt to collect any debt

37. The remedy for these actions is the greater of actual damages or statutory damages in the amount of $1,000.00, per offense, subject to the limitations imposed by 15 U.S.C. §1692k(a).

### Fourth Claim for Relief
### Deceptive means to collect - §1692f(1)
### NRS 99.040

38. The Plaintiff alleges, realleges and incorporates by reference each and every allegation contained in the preceding paragraphs.

39. NBF sent a collection letter to Ms. Urbina dated January 5, 2017 that said it was entitled to collect pre-judgment interest on the principal owed to Tahoe Fracture Clinic, when in fact the Defendant was prohibited under state law from assessing pre-judgment interest.

40. NBF has violated 15 U.S.C. §1692f(1) in that it has attempted to collect a debt that is not authorized under Nevada law.

41. The remedy for these actions is the greater of actual damages or statutory damages in the amount of $1,000.00, per offense, subject to the limitations imposed by 15 U.S.C. §1692k(a).

### PRAYER FOR RELIEF

**WHEREFORE**, The Plaintiff respectfully prays the judgment be entered against the Defendant for the following:

1. With respect to the First Claim for Relief, actual damages in an amount to be proven at trial, statutory damages pursuant to 15 U.S.C. §1692k(a) in the amount of $1,000.00 per offense, subject to the limitations imposed by 15 U.S.C. §1692k(a);

2. With respect to the Second Claim for Relief, actual damages in an amount to be proven at trial, statutory damages pursuant to 15 U.S.C. §1692k(a) in the amount of $1,000.00 per offense, subject to the limitations imposed by 15 U.S.C. §1692k(a);

3. With respect to the Third Claim for Relief, actual damages in an amount to be proven at trial, statutory damages pursuant to 15 U.S.C. §1692k(a) in the amount of $1,000.00 per offense, subject to the limitations imposed by 15 U.S.C. §1692k(a);

4. With respect to the Fourth Claim for Relief, actual damages in an amount to be proven at trial, statutory damages pursuant to 15 U.S.C. §1692k(a) in the amount of $1,000.00 per offense, subject to the limitations imposed by 15 U.S.C. §1692k(a);

5. For such other and further relief as may be just and proper.

Dated: This _____ day of _____, 2018

By:

/s/ Michael Lehners, Esq.
Michael Lehners, Esq.
429 Marsh Ave.
Reno, Nevada 89509
Nevada Bar Number 003331

By:

/s/ Christopher Burke, Esq.
Christopher Burke, Esq.
702 Plumas St.
Reno, Nevada 89509
Nevada Bar Number 4093