UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MERCEDES URBINA,

Plaintiff,

v.

NATIONAL BUSINESS FACTORS, INC. OF NEVADA,

Defendant.

Case No. 3:17-cv-00385-WGC

**ORDER**

Re: ECF No. 33

Before the court is Plaintiff Mercedes Urbina's Renewed Motion to File Records Under Seal. (ECF No. 33.)

## **I. BACKGROUND**

Urbina previously filed a motion seeking to file certain records under seal. (ECF No. 26.) After setting forth the standard for sealing records, the court denied that motion without prejudice for a multitude of reasons, including: (1) Urbina did not file the documents she sought to have sealed with her motion (which would have been provisionally sealed by the Clerk while the motion was pending); (2) Urbina did not specifically describe the documents she sought to file under seal so that the court could determine the propriety of sealing the documents; (3) Urbina did not indicate why she sought to file the documents under seal (i.e., correlate them with a pending motion); (4) Urbina did not address the compelling reasons or good cause standards discussed in *Center for Auto Safety v. Chrysler Group, LCC*, 809 F.3d 1092 (9th Cir. 2016), *cert. denied*, 137 S.Ct. 38 (Oct. 3, 2016); (5) Urbina erroneously asserted that medical records are the type "traditionally kept secret"; and (6) Urbina erroneously relied on the Health Insurance Portability and Accountability Act of 1996 (HIPPA) as a basis for sealing the records. (ECF No. 30.) The court advised Urbina she could renew her motion, but any future motion should correct the deficiencies noted in the order.

On January 18, 2018, Urbina filed her renewed motion. (ECF No. 33.)

## II. LEGAL STANDARD

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). "'Throughout our history, the open courtroom has been a fundamental feature of the American judicial system. Basic principles have emerged to guide judicial discretion respecting public access to judicial proceedings. These principles apply as well to the determination of whether to permit access to information contained in court documents because court records often provide important, sometimes the only, bases or explanations for a court's decision.'" *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983)).

Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access. *See Kamakana*, 447 F.3d at 1178. Otherwise, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks and citation omitted). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016), *cert. denied*, 137 S.Ct. 38 (Oct. 3, 2016) (quoting *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1048 (2nd Cir. 1995); *Valley Broad Co. v. U.S. Dist. Court-D. Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986)).

There are two possible standards a party must address when it seeks to file a document under seal: the compelling reasons standard or the good cause standard. *See Center for Auto Safety*, 809 F.3d at 1096-97. Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (quoting *Kamakana*, 447 F.3d at 1179). "The court must then 'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep

certain judicial records secret." *Id.* "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* (quoting *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 599 (1978)). "Examples include when a court record might be used to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" *Id.* (quoting *Nixon*, 435 U.S. at 598-99).

*Center for Auto Safety* described the good cause standard, on the other hand, as the exception to public access that had been applied to "sealed materials attached to a discovery motion unrelated to the merits of a case." *Id.* (citing *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213-14 (9th Cir. 2002)). "The 'good cause language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: 'The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* (citing Fed. R. Civ. P. 26(c)).

The Ninth Circuit has clarified that the key in determining which standard to apply in assessing a motion for leave to file a document under seal is whether the documents proposed for sealing accompany a motion that is "more than tangentially related to the merits of a case." *Center for Auto Safety*, 809 F.3d at 1101. If that is the case, the compelling reasons standard is applied. If not, the good cause standard is applied.

### III. DISCUSSION

Urbina states that she issued a subpoena to Tahoe Fracture Clinic, and received documents in response to the subpoena on December 18, 2017. She states generally that the documents contain her personal medical history, as well as the contracts she signed with Tahoe Fracture Clinic. She seeks to file the entirety of Tahoe Fracture Clinic's subpoena response under seal. She also wishes to file an unredacted copy of Tahoe Fracture Clinic's September 23, 2016 "Explanation of Benefits" (EOB)[1] under seal. These documents are designated by Urbina as Exhibits A and B (filed in as ECF Nos. 34, 35), and were provisionally sealed by the Clerk while the motion for leave to

---

[1] Throughout this action, Urbina has referred to the billing statement sent by Tahoe Fracture Clinic on September 23, 2016, as an EOB. The court has reviewed the document on multiple occasions. It is exactly as described: a billing statement. An EOB, on the other hand, usually refers to a document sent by a health insurance company reflecting what portion of medical services were paid by the insurer, any write off by the provider, and the amount owed by the patient.

file under seal is pending. Urbina indicates that these records establish she could not have owed $614.52 when defendant National Business Factors, Inc. of Nevada (NBF) began assessing interest.

Despite being previously advised to the contrary, and without citing any authority to support her position, Urbina again argues that the traditional presumption of public access does not apply to the documents she seeks to have filed under seal. This is simply not the case. In *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), the Ninth Circuit discussed the kinds of documents which have traditionally been kept secret, which include grand jury transcripts and warrant materials in a pre-indictment investigation. 447 F.3d at 1178. Medical records are not included in this category; therefore, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks and citation omitted). Urbina, once again, has not overcome that presumption.

Urbina argues, as she did in her prior motion, that HIPPA requires that her records be filed under seal. As was explained previously, HIPPA restricts *covered entities* from disclosing individually identifiable health information. *See* 45 C.F.R. § 164.502(a). Urbina signed a release authorizing Tahoe Fracture Clinic to disclose her records (ECF No. 24 at 3:16-18; 45 C.F.R. § 164.512(e) (a covered entity may disclose protected health information in the course of a judicial proceeding in response to a court order or in response to a subpoena if there is assurance the subject of the protected information has been given notice of the request)). Moreover, Urbina is not a covered entity, and she is seeking to introduce her own records; therefore, HIPPA does not restrict their entry into the public record.

Like her prior motion, Urbina once again fails to explain why she seeks to file the documents under seal. In other words, she has not correlated or tethered them with a specific motion pending before the court. The court is not a repository for documents unearthed in discovery. Urbina makes passing reference to certain of the documents in her second renewed motion for leave to amend, but there is no specific citation; moreover, a review of the documents is not necessary to comprehend the arguments being made. A statement that the documents support or prove one's case is not sufficient reason for the court to file them under seal.

1 | Urbina again failed to address the compelling reasons or good cause standards articulated in *Center for Auto Safety*. The court undertook a review of the documents. Many of them do not appear relevant to any motion pending before the court, and more importantly, do not contain confidential or sensitive information that would justify their sealing. Urbina claims that Tahoe Fracture Clinic's September 23, 2016 billing statement contains her sensitive health information and should be sealed. This document, however, generally describes services performed, as well as charges, payments, adjustments, and patient responsibility, but does not go into a level of detail that the court views as justifying sealing, or even redaction.

Having failed to sustain her burden, Urbina's motion is **DENIED**, and the documents, having not been correlated to any specific filing before the court, will be **STRICKEN** from the record. In the future, any motion for leave to file a document under seal shall comply with the legal standards described in this Order, as well as the court's order in ECF No. 30.

**IT IS SO ORDERED.**

DATED: February 14, 2018.

*[signature]*
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE